GLADNEY, Judge.
This appeal involves a claim by an automobile owner against the operator of a paint and body shop to recover for damage allegedly sustained by an automobile while being improperly towed and for certain expenses incurred. The case was tried on its merits in the trial court, after which judgment was rendered in favor of plaintiff for transmission repairs, but the decree rejected plaintiff’s claim for expenses incurred during the time the car was being repaired. Defendant alone has appealed, and foras-much as there has been no answer to the appeal, the claim for expenses may not be considered by this court.
Frank White, the appellee herein, was the owner of a 1957 Oldsmobile “88” which was purchased as a new car from the Henderson Motor Company of Jefferson, Texas. This- vehicle was involved in an accident on April 6, 1958, in Shreveport, at which time the car had been driven approximately three thousand miles. Defendant, Jimmie Pitts, who operates a paint and body works bearing his name located at 605 Pierre Avenue in Shreveport, was called for the purpose of having the wrecked vehicle towed to his shop for body work. Pitts, himself, responded with the towing vehicle. Without disconnecting the drive shaft, he hooked onto the front end of the Oldsmobile, lifted it up, and towed the automobile on its rear wheels a distance of eight-tenths of a mile from the scene of the accident at Park Avenue and Maple Street, to his shop. The plaintiff, Frank White, rode along in the wrecker. Pitts testified the towage was done at a speed of not more than ten miles per hour, but due to the fact his speedometer was not working he was unable to read the actual rate of speed. White, to the contrary, testified they moved at a normal driving speed, a greater rate of travel than indicated by Pitts.
The job of repair work at defendant’s shop took approximately two weeks. No work was done on the transmission, as this was out of Pitts’ line of work. Shortly after work was begun on the vehicle White was hospitalized with a heart condition. During this absence of White from his residence the vehicle was returned. Mrs. White testified that acting upon the doctor’s instructions, she did not drive the car while her husband was in the hospital. She stated, however, she knew there was something the matter with the transmission and wheel alignment, and when G. C. Mason, the salesman who had sold her husband the automobile, contacted her she authorized him to take the car to the Henderson Motor Company. At the latter place it was determined the front transmission of the automobile had been ruined, and replacement thereof necessitated, for which a bill of $219.35 was rendered.
Appellee. contends damage to the transmission was occasioned by negligence of the defendant in towing the automobile a distance of approximately eight-tenths of a .mile without disconnecting the drive shaft. *810 The defense, though admitting injury of the transmission, affirms it was caused either in the accident of April 6th or from factory defect. Upon trial it was shown that prior to the accident the transmission of the automobile was in proper working order. The car was comparatively new and still subject to the manufacturer’s warranty.
The defense no longer insists the transmission damage was occasioned by the accident but in argument before this court strongly urges fault must be attributed to a manufacturer’s defect which was a characteristic of that particular model car.
L. W. Weaver, of the Henderson Motor Company, qualified as an expert on the basis of his schooling and training in the repair of transmissions, pointed out that in the manufacturer’s or shop manual, with reference to the 1957 Oldsmobile distributed by the General Motors Corporation, it is provided in a paragraph captioned “Towing Precautions”:
“Whenever it becomes necessary to tow a hydramatic equipped Oldsmobile, the propeller shaft must be removed or the vehicle towed with the rear wheels off the ground. Damage to the transmission may result unless this practice is followed.”
Weaver exhibited the damaged parts he had removed from the transmission of the White automobile and testified such damage was caused by want of lubrication, which, in turn, resulted from the omission of the operator of the towing vehicle to comply with the manufacturer’s instructions. He expressed an opinion it was dangerous at any time to tow a vehicle with hydramatic transmission more than two or three blocks or at a speed in excess of five miles per hour with the rear wheels on the ground and with the drive shaft hooked up, explaining that by pulling it in this manner the transmission turns without being lubricated. He said necessary lubrication of the transmission requires the motor to be running so the front pump can supply oil pressure in the system. Finally, he concluded the damage to the transmission of plaintiff’s vehicle was caused solely by the negligent act of Pitts in improperly towing the car.
To contradict this testimony the defendant placed on the stand Roland L. Saucier from the Shreveport Motor Shop and a specialist in hydramatic transmission. He testified a 1957 Oldsmobile “88” was characterized by a defect in the transmission and it had been his experience on a number of occasions to replace such transmissions at factory expense. Saucier admitted his knowledge of the precaution against towing without removing the propeller shaft or with the rear wheels off the ground, but gave the opinion damage could only be caused to the front end if the car was being towed at a rate of speed of over twenty miles per hour. He testified also that by pulling the car by the front wheels, the rear clutch plates on the rear unit would burn first and as the rear clutch plates of White’s car had not been damaged, improper towing was not the cause of the injury sustained by the front unit. He related further the front clutch plate would only sustain injury to one bearing.
Confronted with the conflicting testimony of these two expert witnesses, the judge a quo resolved the issue in favor of plaintiff and rendered judgment accordingly. After a careful reading of the record, we are more impressed by the testimony of plaintiff’s expert, and for this reason it is our conclusion plaintiff has established his case by a preponderance of the' evidence.
In a recent decision of this court, Kern v. Bumpas, La.App.1958, 102 So.2d 263, and in which a writ of certiorari was denied by the Supreme Court, the responsibilities of a defendant as a bailee for hire of an automobile were reviewed at length with particular reference to Articles 1908, 2937 and 2938 of LSA-C.C. We also referred to our recent decision in Hazel v. Williams, La.App.1955, 80 So.2d 133, 135. wherein it was held:
“Where the depositor or bailor has proved injury he thereby establishes a *811 sufficient prima facie case against the depositary or bailee to put him on his defense.”
The cited case quoted the rule stated in 8 C.J.S. Bailments § SO, pp. 343, 344, 345 and 346. In order for a plaintiff to recover from the bailee for a negligent injury to the deposit, he must demonstrate the act of negligence charged is the proximate cause of the injury. Such a condition is met by establishing causal connection through a natural and unbroken sequence without intervening efficient causes between the negligence and the injury.
A prima facie case was established by the plaintiff upon showing the vehicle was improperly towed and thereafter injury was discovered which in all probability was due to the wrongful act of towage. The defense failed to prove the existence of an intervening efficient cause of damage essential to relieve defendant of liability.
The judgment from which appealed is affirmed at appellant’s cost.